IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSITA SIERRA MEDRANO,<br><br>             Petitioner,<br><br>      vs.<br><br>UNITED STATES OF AMERICA,<br><br>             Respondent. | No. CV-F-08-529 OWW<br>(No. CR-F-03-5237 OWW)<br><br>ORDER DIRECTING PETITIONER<br>TO FILE FIRST AMENDED<br>MOTION TO VACATE, SET ASIDE<br>OR CORRECT SENTENCE PURSUANT<br>TO 28 U.S.C. § 2255 WITHIN<br>30 DAYS OF FILING DATE OF<br>ORDER |

   On April 16, 2008, Petitioner Rosita Sierra Medrano filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255.

   Petitioner pleaded guilty pursuant to a written Plea Agreement to possession of 50 grams or more of methamphetamine in violation of 21 U.S.C. § 841(a)(1). The Plea Agreement provided:

> The defendant is aware that Title 18, United
> States Code, Section 3742 affords a defendant
> the right to appeal the sentence imposed.
> Acknowledging this, the defendant knowingly
> waives the right to appeal her conviction and
> similarly waives the right to appeal any

1

> sentence (or the manner in which the sentence was determined) which is less than 88 months, on the grounds set forth in Title 18, United States Code, Section 3742 or on any ground whatever, in exchange for the concessions made by the United States in this plea agreement.  The defendant also waives her right to challenge his [sic] conviction, sentence or the manner in which it was determined in any post-conviction attack, including but not limited to a motion brought under Title 28, United States Code, Sections 2241 or 2255, regardless of her ultimate sentence.

Petitioner was sentenced on November 22, 2005 to 168 months incarceration.  Petitioner did not file a Notice of Appeal.

Petitioner asserts several grounds for relief.

She asserts that she was denied the effective assistance of counsel because counsel because counsel did not advise of the consequences of the Plea Agreement, or that "by signing the plea she was waiving all her constitutional rights".  Petitioner contends that she "was misinformed as to his [sic] right to have the charged drug quantity proved to a jury, and because he [sic] did not admit drug quantity at her plea allocuation [sic]," her guilty plea was not knowing, voluntary or sufficient to support the judgment of conviction.  Petitioner also contends that counsel was ineffective because counsel "never explain to petitioner the presentence report."  Petitioner contends that she was denied the effective assistance of counsel because counsel "improperly warn[ed] her of the frightful consequences of appeal" and because counsel failed to file an appeal after Petitioner requested that he do so.

Petitioner asserts as further grounds for relief that her sentence was based on materially incorrect information, that Petitioner "should have been advised that if an appellant receives a harsher punishment on resentencing following an appeal, a presumption of vindictiveness attaches" and asserts "there is an improbability verging on impossibility that a defendant in Sierra-Medrano [sic] would or could receive a harsher sentence following an appeal."

Section 2255 provides that a one-year period of limitation applies to a Section 2255 motion, which limitation period runs from the latest of:

> (1) the date on which the judgment of conviction became final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Applicable here is Section 2255(4). In *Calderon v. U.S. Dist. Court for Central Dist. of Cal.*, 128 F.3d 1283 (9th Cir. 1997), *cert. denied*, 522 U.S. 1099 and 523 U.S. 1061 (1998), *overruled on other grounds*, 163 F.3d 530 (9th Cir. 1998), the Ninth Circuit

held that the one-year limitations period applicable to Section 2255 motions is subject to equitable tolling.  However, the Ninth Circuit further held:

> Equitable tolling will not be available in most cases, as extensions of time will only be granted if 'extraordinary circumstances' beyond a petitioner's control make it impossible to file a petition on time ... We have no doubt that district judges will take seriously Congress's desire to accelerate the federal habeas process, and will only authorize extensions when this high hurdle is surmounted.

Id. at 1288-1289.

Petitioner alleges no facts from which it may be determined that her Section 2255 motion is timely filed or that she is entitled to equitable tolling of the one-year limitation period.

Because it appears from Petitioner's motion that it may be untimely, Petitioner is directed to file within 30 days of the filing date of this Order an amended Section 2255 motion setting forth the grounds upon which she seeks relief and the facts upon which she relies in contending that her motion is timely filed or that she is entitled to equitable tolling.  Failure to timely comply will result in the dismissal of her Section 2255 motion as untimely.

IT IS SO ORDERED.

Dated:   May 5, 2008                              /s/ Oliver W. Wanger
                                          UNITED STATES DISTRICT JUDGE